1  **TIMOTHY A. SCOTT**
   California Bar No. 215074
2  **BENJAMIN L. COLEMAN**
   California Bar. No. 187609
3  COLEMAN, BALOGH & SCOTT LLP
   1350 Columbia Street, Suite 600
4  San Diego, California  92101
   Telephone:  (619) 794-0451
5  Facsimile: (619) 652-9964
   Email: tas@colemanbalogh.com
6
   Attorneys for Plaintiff Michael Lustig
7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

10

11  MICHAEL LUSTIG,                    )   Case No. '14CV1398 LAB JLB
                                       )
12              Plaintiff,             )   **Complaint for Damages for**
                                       )   **Civil Rights Violation 42 U.S.C. § 1983.**
13                                     )
                                       )
14          v.                         )
                                       )   1.  42 U.S.C. § 1983 – Unlawful Customs,
15  SAN DIEGO COUNTY SHERIFF'S         )       Policies, Practice
    DEPARTMENT;                        )   2.  42 U.S.C. § 1983 – Civil Rights
16  SDCS DEPUTY CHASE CHIAPPINO;       )       Violations
    SDCS DEPUTY E. CHRISTIANSEN;       )
17  SDCS DEPUTY GEORGE CRYSLER;        )
    SDCS DEPUTY A. BONA;               )
18  SDCS DEPUTY S. JOHNSTON:           )
                                       )   **Demand for Jury Trial**
19  AND                                )
    DOES 1-50                          )
20              Defendants.            )
    _____)
21
                   **NATURE OF ACTION**
22
23      1.        This action is based on the provisions of 42 U.S.C. § 1983 to obtain relief

24  for Defendants' premeditated and willful violations of Plaintiff's right to be free from

25  warrantless and unreasonable searches and seizures of his person, property and effects, as

26  protected by the Fourth, Fifth, and Fourteenth Amendments  of the United States

27  Constitution.

28
                                    1

**JURISDICTION AND VENUE**

2.       This is a civil action wherein the jurisdiction is founded on a federal question under 28 U.S.C. § 1331.

3.       Plaintiffs' claims arise in this judicial district where the events or omissions giving rise to this complaint occurred.

4.       Defendant San Diego County Sheriff's Department and its deputies  are situated in this district.

5.       Venue is proper in the United States District Court for the Southern District of California under 28 U.S.C. § 1391.

**PARTIES**

6.       Plaintiff Michael Lustig was, at all times relevant to this lawsuit, a resident of the State of California, County of San Diego, and a citizen of the United States.

7.       At all times relevant herein, Defendant SAN DIEGO COUNTY SHERIFF'S DEPARTMENT, was a public law enforcement agency operating in San Diego, California; it  operates under the laws of the State of California.

8.       Defendant Deputy CHASE CHIAPPINO, badge # 6937, at all times relevant herein, was a deputy sheriff and an adult resident of San Diego County.  At all times mentioned herein, this defendant was an employee of the Sheriff's Department and acting in an official capacity and under color of state law.

9.       Defendant Deputy E. CHRISTIANSEN, badge # 2371, at all times relevant herein, was a deputy sheriff and an adult resident of San Diego County.  At all times mentioned herein, this defendant was an employee of the Sheriff's Department and acting in an official capacity and under color of state law.

10.       Defendant Deputy GEORGE CRYSLER, badge # 1952, at all times relevant herein, was a deputy sheriff and an adult resident of San Diego County.  At all times mentioned herein, this defendant was an employee of the Sheriff's Department and acting in an official capacity and under color of state law.

11.     Defendant Deputy A. BONA, badge # 4972, at all times relevant herein, was a deputy sheriff and an adult resident of San Diego County.  At all times mentioned herein, this defendant was an employee of the Sheriff's Department and acting in an official capacity and under color of state law.

12.     Defendant Deputy S. JOHNSTON, badge # 7352, at all times relevant herein, was a deputy sheriff and an adult resident of San Diego County.  At all times mentioned herein, this defendant was an employee of the Sheriff's Department and acting in an official capacity and under color of state law.

13.     All defendants willfully and deliberately violated plaintiff's right to be free from unreasonable warrantless searches and seizures, and did so under color of state law.

## FACTUAL ALLEGATIONS

14.     Plaintiff realleges and incorporate by reference the allegations in paragraphs 1 through 13.

15.     Sometime prior to June 8, 2012, defendants conspired together to conduct warrantless searches and seizures of misdemeanor arrestees' cell phones, smart phones, personal computers, and similar mobile devices along with other personal property. Defendants knew or should have known that under state and federal law, they could not have obtained a search warrant permitting the search of misdemeanor arrestees' personal property under these circumstances.  Instead, they developed a policy, practice or custom of: arresting persons (after sometimes entrapping them) for misdemeanor prostitution offenses; conducting warrantless searches of mobile devices on their persons; warrantlessly seizing, towing, and searching the arrestees' vehicles under the pretext of the "community caretaking function;" using the ruse of "inventory searches" to conduct warrantless criminal investigatory searches of the contents of these vehicles; and conducting further warrantless data mining of mobile devices to build proactive criminal cases against their arrestees and others.  Defendants knew or should have known that their actions were contrary to federal

COMPLAINT

and state law governing searches of persons and property.

16.     On June 8, 2012, defendants conducted a "sting" operation, whereby they posted provocative internet advertisements offering the services of an adult female escort. In actuality, the "escort" was an adult female deputy sheriff working in an undercover capacity.

17.     On June 8, 2012, plaintiff Michael Lustig responded to defendants' internet advertisement and drove to meet the undercover deputy sheriff at a Howard Johnson motel in Encinitas.

18.     Plaintiff Lustig parked his car lawfully in one of the parking stalls in the motel's parking lot.

19.     Plaintiff Lustig went inside to the second floor of the motel to the room that the undercover deputy indicated she was in. They began to talk. Mr. Lustig soon began to suspect that the deputy was not really an escort, and he tried to end the evening and leave.

20.     Sheriff's deputies arrested Mr. Lustig in the hallway immediately outside the room on the second floor of the hotel. They read him his Miranda rights, which he invoked.

21.     The deputies seized an Apple iPhone and a Kyocera flip phone from Mr. Lustig's pants pocket. Even after realizing that the phones were not weapons or contraband, and despite arresting Lustig for misdemeanor prostitution charges only, they opened and unlocked both phones, and retrieved personal information and data from within the devices. They did so without a warrant.

22.     The deputies took a set of keys from Mr. Lustig's pocket. Although Mr. Lustig had already invoked his right to counsel, deputies asked him about the keys and his car in violation of his Fifth Amendment rights.

23.     The deputies used the key fob to locate Mr. Lustig's car in the parking lot.

24.     Despite the car being lawfully and unobtrusively parked, the deputies

1  unlawfully seized the car and searched its contents.  They did so with an impermissible and

2  unconstitutional motive: to conduct a warrantless search of the contents of the car to try to

3  develop evidence of a possible criminal offense.

4        25.        The property that the deputies seized from the car included an additional

5  five cellular telephones belonging to Plaintiff Lustig.  Under the ruse of an "inventory

6  search" the deputies opened these cellular phones and retrieved personal information and

7  data from within, all without a warrant.

8        26.        Later, sheriff's deputies and others performed still more searches and mined

9  additional personal data from the cellular phones obtained from Mr. Lustig's car and his

10  person.  Even though Mr. Lustig had long since been placed under arrest and officers had

11  secured him and the property, they conducted these searches without any warrant or judicial

12  oversight of any kind.

13        27.        Ultimately, defendants used the personal information and data gleaned from

14  all of the phones to build a federal criminal case against Mr. Lustig for alleged violation of

15  18 U.S.C. §  1591.

16        28.        Mr. Lustig was arrested on a federal warrant and indicted for the alleged

17  violation of 18 U.S.C. § 1591 in October of 2013.

18                                             **I.**

19                          **FIRST CAUSE OF ACTION**

20                **Violation of constitutional rights under color of law**

21            **via unlawful policies, customs, or practice (42 U.S.C. § 1983)**

22        29.        Plaintiff Lustig realleges and incorporates herein by reference each and

23  every allegation contained in paragraphs 1 through 28 herein.

24        30.        The San Diego County Sheriff's Department had a custom, policy, or

25  practice of deliberately conducting warrantless searches of misdemeanor arrestees' cell

26  phones and other mobile devices in violation of federal and state law.  The Sheriff's

27

28

Department and individually named defendants had a custom, policy, or practice of unlawfully seizing, towing, and searching misdemeanor arrestees' vehicles under the pretext of their so-called "community caretaking function."  In reality, defendants towed and searched cars in order to conduct and further criminal investigations.  Defendants had a custom, policy, or practice of deliberately seizing and searching the contents of these vehicles under the pretext of an "inventory search."  Again, the true motive of these searches was to conduct and further criminal investigations.  Plaintiff Michael Lustig was harmed by each of these defendants as they carried out these customs, policies, and practices.

31.     All defendants during all times relevant herein were acting under color of state law and in their official capacities.

32.     In doing the acts alleged, defendants violated Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments of the Constitution.  Plaintiff has suffered the natural and foreseeable damages resultant from such violations of his constitutional rights, and has been and continued to be a defendant in a federal criminal indictment that is premised upon and the fruit of these illegal searches and seizures.  He continues to be detained without bail.  He has suffered economic, emotional, and other damages as a result of this illegal conduct.

## II.

## SECOND CAUSE OF ACTION

### Violation of constitutional rights under color of law (42 U.S.C. § 1983)

33.     Plaintiff Lustig realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 herein.

34.     Defendants Chiappino, Christiansen, Crysler, Bona, Johnston, and DOES 1-50 conducted warrantless searches and seizures of Plaintiff's car, cell phones, and other mobile devices in violation of the Fourth, Fifth, and Fourteenth Amendments.

Defendants Chiappino, Christiansen, Crysler, Bona, Johnston, and DOES 1-50
unlawfully seized, towed, and searched Plaintiff's vehicle under the pretext of their so-
called "community caretaking function" and an "inventory search."  In reality,
Defendants Chiappino, Christiansen, Crysler, Bona, Johnston, and DOES 1-50 towed
and searched Plaintiff's car in order to conduct a further criminal investigation.  Again,
the true motive of the search and seizure was to conduct and further a criminal
investigation.

35.    As a result of the acts alleged above, Plaintiff and his property and
privacy was subjected to unlawful searches and seizures in violation of the Fourth, Fifth,
and Fourteenth Amendments to the United States Constitution by Defendants Chiappino,
Christiansen, Crysler, Bona, Johnston, and DOES 1-50.  Plaintiff has suffered the natural
and foreseeable damages resultant from such violations of his constitutional rights, and
has been and continued to be a defendant in a federal criminal indictment that is
premised upon and the fruit of these illegal searches and seizures.  He continues to be
detained without bail.  He has suffered economic, emotional, and other damages as a
result of this illegal conduct.  As a result, Plaintiff was harmed and is entitled to damages
pursuant to 42 U.S.C. § 1983 in an amount to be proven at trial.

## PRAYER FOR RELIEF

ACCORDINGLY, for the reasons given above, Plaintiff prays for judgment against
defendants as follows:

1.    General and compensatory damages in an amount according to proof;

2.    For punitive and exemplary damages;

3.    Civil penalties as provided by law;

4.    Declaratory and injunctive relief prohibiting the continued policies,
customs and practices of unlawfully searching misdemeanor arrestees'
mobile devices without a warrant;

COMPLAINT

5.      Attorney fees under 42 U.S.C. § 1983,

6.      Costs of suit;

7.      And for such other and further relief as the Court may deem proper.

Date: June 6, 2014                    Respectfully submitted,

                                      *s/Timothy A. Scott, Benjamin L. Coleman*

                                      TIMOTHY A. SCOTT
                                      BENJAMIN L. COLEMAN
                                      Attorneys for Plaintiffs

Plaintiff hereby demands a jury trial in this action.

Date: June 6, 2014                    *s/Timothy A. Scott*
                                      TIMOTHY A. SCOTT
                                      Attorney for Plaintiff

8

COMPLAINT